## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

IN RE: )
          )
Christopher A. Gray, )
          )    Case No. 09-10120C-7G
          )
      Debtor. )
_____)

### MEMORANDUM OPINION

This case came before the Court on September 30, 2009, for hearing on a motion to dismiss this case pursuant to section 707(b) of the Bankruptcy Code, filed by the United States Bankruptcy Administrator ("BA"). Robert E. Price, Jr. appeared on behalf of the BA and Everett B. Saslow, Jr. appeared on behalf of the Debtor. Having considered the evidence and arguments of counsel, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure.

In part, the BA's motion argued that the case should be dismissed pursuant to 11 U.S.C. § 707(b)(1), on the grounds that the granting of relief would be an abuse of the provisions of chapter 7. The first issue to be addressed is whether the Court must presume that such abuse exists in this case pursuant to section 707(b)(2)(A)(I). This Court concludes that the Debtor improperly calculated his tax expense in Line 25 of Form B22A. Using the correct tax expense, the presumption of abuse arises. Therefore, the Court will grant the BA's motion.

### I.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2)(A), which this Court has the jurisdiction to hear and determine.

## II. FACTS

On January 27, 2009, the Debtor filed for relief under chapter 7 of the Bankruptcy Code. In his statement of current monthly income and means-test calculation, the Form B22A, the Debtor listed annualized current monthly income of $108,000. Based on a household size of two, the Debtor listed himself as having above-median income.

In Line 25 of his Form B22A, entitled "Other Necessary Expenses: taxes," the Debtor listed a monthly tax expense of $3,068.18, or $36,818.16 annually. This figure was calculated based on what the Debtor withheld from his paychecks. In Line 50 of his Form B22A, the Debtor calculated monthly disposable income of $92.77, creating a 60-month disposable income of $5,566.20. In Schedule F of his petition, the Debtor listed nonpriority unsecured claims of $121,868, the majority of which is credit card debt.

At the hearing, the Debtor's 2006, 2007 and 2008 tax returns were properly entered into evidence. His 2006 federal tax return showed an adjusted gross income of $112,863 and a refund of $2,547. His 2007 federal tax return showed an adjusted gross income of $104,179 and a refund of $5,418. His 2008 federal tax return showed an adjusted gross income of $107,916 and a refund of $4,533. The Debtor also received a state tax refund of $966 for the 2008 tax year.

The Debtor's earnings statements were also entered into evidence, reflecting that in 2008, the Debtor withheld a total of $35,782.63 for federal, state and local taxes. Counsel for the BA argued that the Debtor's tax expense was too high, because it was based on the amount withheld, and failed to account for his tax refunds.

### III.  DISCUSSION

If granting relief would be an abuse of the provisions of chapter 7, section 707(b)(1) of the Bankruptcy Code allows the Court to dismiss a chapter 7 case, or with a debtor's consent, convert it to chapter 11 or 13. Section 707(b)(2) provides that a presumption of abuse arises if a debtor's current monthly income, reduced by the amounts determined under clauses (ii), (iii), and (iv) of section 707(b)(2)(A), and multiplied by 60, is not less than the lesser of: 1) 25 percent of the Debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or 2) $10,950.

The Debtor has nonpriority unsecured claims of $121,868. Twenty five percent of that figure is $30,467. Thus, for the presumption of abuse to arise in this case, the Debtor must have a 60-month disposable income equal to or greater than $10,950. The Debtor calculated 60-month disposable income of $5,566.20. Therefore, if the Debtor's Form B22A is correct, the presumption of abuse does not arise. However, this Court is not bound to accept the Debtor's tax expense if it is proved inaccurate. See, e.g., In re Barbour, 2009 WL 3053697 (Bankr. E.D.N.C. 2009).

Expenses, for purposes of the means test, are "the debtor's *actual* monthly expenses . . . as in effect on the date of the order for relief." 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). Therefore, the figure at Line 25 of Form B22A should reflect a debtor's actual tax liability, not merely the amount withheld from paychecks. See In re Lipford, 397 B.R. 320, 332 (Bankr. M.D.N.C. 2008) (Waldrep, J.); see also In re Barbour, 2009 WL 3053697 at *6 ("the actual monthly tax expense for Line 25 should be . . . computed by deducting the monthly amount of the 2008 tax refunds from the average monthly amount . . . withheld by [the debtor's] employers"); In re Bernard, 397 B.R. 605 (Bankr. D. Mass. 2008) ("Debtors should begin with the actual amount of taxes paid for the year prior to filing and then make whatever adjustments, upward or downward, are necessary."); In re Risher, 344 B.R. 833, 834 (Bankr. W.D. Ky. 2006) ("taxes actually paid are not

equivalent to what is withheld from a debtor's paycheck for taxes").

Using solely the amount withheld from a debtor's paychecks effectively disguises any money later refunded as a fictional tax expense. This is because, although possible, a chapter 7 debtor's tax withholdings do not necessarily reflect the "actual monthly expenses" allowable under Section 707(b)(2)(A)(ii)(I). Judge Waldrep, in In re Lipford, noted that:

> The problem with using the amounts withheld from the Debtors' paychecks is that they may not be "reasonable and necessary expenses," as is required on Form B22A. An underwithholding debtor owes additional taxes that are reasonable and necessary, which the taxing authorities will require her to pay when she files her tax return. Either way, the payroll withholding amounts for taxes are not necessarily reliable, and therefore, a determination of the debtor's actual tax liability is necessary.

397 B.R. at 332. Lipford went on to state, in dicta, that "[w]hen the six-month period of Section 101(10A) occurs during a period for which federal and state tax returns already have been filed, it is reasonable for the debtor to use the rates indicated on those returns." Id. at 334. This reasoning is both sound and instructive.

In this case, the Debtor's income was essentially the same throughout 2008, at the time of filing and when the hearing was held. Thus, the tax expense actually incurred by the Debtor is calculable by using the Debtor's 2008 tax returns and earnings statements. In 2008, the Debtor withheld $35,782.63. However, the Debtor received a federal refund of $4,533, and a state refund of $966. Thus the Debtor's tax expense for 2008 was in reality only $30,283.63, or $2,523.64 per month.[1]

The Debtor's $3,068.18 figure exaggerates his actual tax expense by $544.54 each month,

---

1    Section 707(b)(2)(A)(ii)(I) allows deductions for expenses "as in effect on the date of the order for relief." The Debtor did have slightly decreased income for two months during the 2008 tax year. This means there is a small difference between the precise tax rate in effect on the petition date, and the tax rate as calculated according to the Debtor's 2008 tax return. However, the deviation is too small to possibly affect the outcome in this case. Even if the Debtor's tax refund was cut in half, the presumption of abuse would still arise.

resulting in a correct monthly disposable income of $637.31. Therefore, the Debtor's 60-month disposable income under section 707(b)(2)(A)(I) is at least $38,238.60 – well above the $10,950 cutoff. Therefore, the presumption of abuse under section 707(b)(2) arises. Under section 707(b)(2)(B)(i), the presumption of abuse "may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." The Debtor in this case has made no such showing.

## IV.  CONCLUSION

Section 707(b)(2)(A)(ii)(I) of the Bankruptcy Code does not allow the Debtor to ignore his tax refund when calculating Line 25 of Form B22A, because the resulting figure does not represent his actual monthly expense. After accounting for the Debtor's refund, the presumption of abuse arises. Therefore, the BA's motion is granted. This Court will enter an order dismissing the case.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

IN RE:                                    )
                                          )
Christopher A. Gray,                      )
                                          )        Case No. 09-10120C-7G
                                          )
                    Debtor.               )
_____)

## PARTIES IN INTEREST

Robert E. Price, Jr., Esquire

Everett B. Saslow, Jr., Esquire

Gerald S. Schafer, Trustee